1  Philip A. Toomey (SBN 089598)
       ptoomey@leechtishman.com
2  Fadi K. Rasheed (SBN 267175)
       frasheed@leechtishman.com
3  Robert A. Orozco (SBN 201532)
       rorozco@leechtishman.com
4
5  **LEECH TISHMAN FUSCALDO & LAMPL**
6  2041 Rosecrans Avenue, Suite 300
   El Segundo, California 90245
7  Telephone: (424) 738-4400
   Facsimile: (424) 738-5080
8
9  Attorneys for Defendants,
   JOAMAR, INC. DBA CANDY CAT TOO,
10 SAUL PEREZ, AND INDALECIO J. PEREZ

11          **IN THE UNITED STATE DISTRICT COURT**
        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12 NOEMI RUSSO, an individual,          )   Case No. 2:20-cv-03939-JAK-MRW
                                        )
13              Plaintiff,              )   **DEFENDANTS' OPPOSITION TO**
                                        )   **PLAINTIFF'S MOTION FOR**
14       v.                             )   **CONDITIONAL CERTIFICATION;**
                                        )   **MEMORANDUM OF POINTS AND**
15 JOAMAR, INC. dba CANDY CAT           )   **AUTHORITIES IN SUPPORT**
   TOO, a California Corporation;       )   **THEREOF**
16 SAUL PEREZ, an individual;           )
   INDALECIO J. PEREZ, JR., an          )
17 individual; DOE MANAGERS 1-3;        )   **[FILED CONCURRENTLY WITH**
   and DOES 4-10, inclusive,            )   **OBJECTIONS TO DECLARATION OF**
18                                      )   **RUSSO, DECLARATION OF COUNSEL]**
                Defendants.             )
19                                      )
                                        )   **HEARING DATE:  FEB. 22, 2021**
20                                      )   **TIME: 8:30 A.M.**
                                        )   **ROOM:  10B**
21 _____  )
22
23
24       TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:
25       PLEASE TAKE NOTICE that Defendants, JOAMAR, INC. DBA CANDY CAT
26 TOO, SAUL PEREZ, AND INDALECIO J. PEREZ (collectively Defendants) hereby
27
28

submits the following Opposition to Plaintiff's Motion for Conditional Certification pursuant to this Court's generous December 15, 2020 Order (Docket No. 29).

The Opposition is based on the attached memorandum of points and authorities and supporting documents, the complete files and records of the court in this action, and upon any oral and documentary evidence and argument as may be presented at the hearing of this matter.

Dated:  December 18, 2020                         Respectfully submitted,

_/ S / Robert A. Orozco_

Philip A. Toomey (SBN 89598)
Fadi K. Rasheed (SBN 267175)
Robert A. Orozco (SBN 201532)
LEECH TISHMAN FUSCALDO & LAMPL
ptoomey@leechtishman.com
frasheed@leechtishman.com
_Attorneys for Defendants,_
_Joamar, Inc. dba Candy Cat Too,_
_Saul Perez. and Indalecio J. Perez_

# TABLE OF CONTENTS

i.   INTRODUCTION .......................................................................... 8

II.   LEGAL STANDARD ..................................................................... 9

    A.   The Court Should Defer Ruling on This Motion Until Mediation Has Been Completed ............................................. 9

    B.   If the Court Grants Plaintiff' Motion, It Should Impose Limitations on Plaintiff's Proposed FLSA Notice and Notice Process............................................................................. 9

        1.   Defendants Must Comply With State Privacy Requirements Regarding Disclosure ...................... 9

        2.   Dissemination and Administration of Any Notice Must Be Entrusted to a Third-Party Administrator to Ensure Protection of Privacy Rights of Third Parties ............. 10

        3.   If the Court Permits Plaintiff to Administer the Notice Process, Plaintiff's Counsel Should Be Limited to Engaging in Only Court-Authorized Communications with Potential Opt-In Plaintiffs .................................... 11

        4.   The Court Should Not Authorize Dissemination of FLSA Notice Via Email or Text Message .................... 12

        5.   Court Should Not Order Defendants to Post Notices on Their Website, Social Media, or Other Electronic Means .... 13

        6.   Proposed Revisions to Plaintiff's Notice ................. 13

    C.   A Limitations Period Extending Back as Requested by Plaintiff Is Improper........................................................ 16

    D.   Plaintiff's Motion for Conditional Certification Should Be Denied ............................................................................ 19

1

III.    CONCLUSION ............................................................................22

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

[1] Roe v. SFBSC Management, LLC (Case No. 3:14-cv-03616-LB) ................................9

*Adedapoidle-Tyehimba v. Crunch LLC*, No. 13-CV-00225-WHO, 2013 U.S.
    Dist. LEXIS 113519, 2013 WL 4082137, at *7 (N.D. Cal. Aug. 9, 2013)...................17

*Aguirre v. Tastee Kreme #2, Inc.,* No. CV H-16-2611, 2017 WL 2999271, at
    *10 (S.D. Tex. April 13, 2017)................................................................11

*Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) ............................18

*Bernard v. Household Intern., Inc.*, 231 F.Supp.2d 433, 435 (E.D. Va. 2002)................20

*Bower v. Cycle Gear, Inc.*, No. 14-cv-02712-HSG, 2015 U.S. Dist. LEXIS
    62380, 2015 WL 2198461, at *2 (N.D. Cal. May 11, 2015) ........................................15

*Brandenburg v. Cousin Vinny's Pizza, LLC*, 2017 WL 2500411, at *5 (S.D.
    Ohio Aug. 15, 2017)................................................................................11

*Buel v. Chowder House, Inc.*, No. A108951, 2006 Cal. App. Unpub. LEXIS
    4917, 2006 WL 1545860 (Cal. Ct. App. June 7, 2006) ..................................................20

*Davis v. Social Service Coordinators, Inc.*, 2009 WL 102735...........................................18

*Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006)....................20

*Freeman v. MedStar Health, Inc.*, 187 F. Supp. 3d 19, 33 (D.D.C. 2016)......................11

*Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)......................................18

*Guifi Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 U.S.
    Dist. LEXIS 114821, 2011 WL 4635198, at *16 (N.D. Cal. Oct. 5, 2011)...................17

*Harrison v. McDonald's Corp.*, 411 F.Sup. wd 862, 870 (S.D. Ohio 2005) ...................21

*Hoffman-LaRouche, Inc. v. Sperling*, 493 U.S. 165 (1989)..............................................10

*Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d
    480 (1989); *Kress*, 263 F.R.D. ....................................................................19

*Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L.
    Ed. 2d 480 (1989) ................................................................................15

*Hughes v. S.A.W. Entertainment, Ltd* (N.D. Ca. 3:16-cv-03371-YGR) ............................. 9

*Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) ...................... 15, 17

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453,

112 L. Ed. 2d 435 (1990) ............................................................................................ 15

*Kress v. PwC*, 263 F.R.D. 623, 627 (E.D. Cal. 2009) ............................................... 18

*Leyva v. 35 Bar & Grill, LLC*, 2015 WL 5751638 ..................................................... 14

*Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App. 4th 640, 655 ................... 8

*Marlar v. United States*, 151 F.3d 962, 966 (9th Cir. 1998) ..................................... 20

*O'Connor v. Uber Techs, Inc.*, 2017 WL 3782101, at *1 (N.D. Cal. Aug, 31,

2017) .......................................................................................................................... 10

*Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th

Cir. 1981) ................................................................................................................... 15

*Roe v. Jose Torres L.D. Latin Club Bar, Inc.*, 2020 U.S. Dist. LEXIS 156837 ................ 20

*Shaia v. Harvest Mgmt. Sub LLC*, No. C 14-4495 PJH, 2015 WL 1744341,

at *3 (N.D. Cal. Apr. 15, 2015) ................................................................................. 16

*Shaia*, 2015 U.S. Dist. LEXIS 49808, 2015 WL 1744341 ................................................ 17

*Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) ...................................... 15, 17

*Syed v. M-I, L.L.C*, 2014 WL 6685966 *8 (E.D. Cal. Nov. 26, 2014) ............................... 9

*Tassy v. Lindsay Entertainment Enterprises, Inc.*, 2017 WL 938326 at*5

(W.D. Kentucky 2017) ............................................................................................... 12

*Veliz v. Cintas Corp.*, No. C 03-1180 SBA, 2007 U.S. Dist. LEXIS 24428, at

*17 (N.D. Cal. March 20, 2007) ................................................................................ 18

*White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn.

2006) .......................................................................................................................... 21

*Woods v. Vector Mktg. Corp.*, No. C-14-0264-EMC, 2015 WL 1198593, at

*6 (N.D. Cal. Mar. 16, 2015) ..................................................................................... 16

**Statutes**

29 U.S.C. § 216(b) ..........................................................................................18

29 U.S.C. § 256(b) ..........................................................................................16

29 U.S.C. §§ 216(b) and 256 .........................................................................18

Fed. R. Civ. P. 23 ...........................................................................................16

**Constitutional Provisions**

California Constitution, Art. 1, §1 ....................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiffs assert that Defendants - adult entertainment clubs and the individuals and entities that own the clubs – were improperly classified as independent contractors and forced to pay undefined "house fees" to Defendants in association with their performance at the establishment.  As a result of Defendants' alleged improper acts, Plaintiff seeks compensation for these unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by alleging that Defendant treated her and similarly situated dancers as independent contractors although she and other dancers were allegedly Defendant's employees.

On or about August 21, 2020, Plaintiff filed the instant Motion for Conditional Certification under the FLSA seeking to certify "all individuals who worked as exotic dancers at Candy Cat in the last three years who were classified as independent contractors." (Docket No. 23). Plaintiff further requests approval of her proposed notice letter and opt-in form to be sent to eligible exotic dancers pursuant to 29 U.S.C. § 216(b).

Additionally, Plaintiff filed the Motion to Toll the Statute of Limitations for all similarly situated dancers at Candy Cat starting on the date Plaintiff's Motion for Conditional Certification became fully briefed until the similarly situated individuals can receive notice of their opportunity to opt-in to the case.

As a preliminary matter, this Court should continue the February 22, 2021 hearing to permit the parties to complete mediation pursuant to this Court's Order.  (Docket Nos. 26 and 28).

If the Court is inclined to rule on the merits of Plaintiff's Motion, it should nevertheless deny Plaintiff's request for conditional certification.  This is not a case where Plaintiff alleges Defendants utilized a facially improper policy or rule, such as improper meal/rest periods, but instead Plaintiff's complaint is premised on a misclassification issue,

which requires an individualized assessment. Defendants therefore seek a determination that Plaintiff and the putative class were neither employees nor subject to the FLSA.

As detailed herein, the Court should deny Plaintiff's requests.  If, however, the Court grants Plaintiff's request for conditional certification, Defendants request the proposed notice be modified and that certain aspects of Plaintiff's request, as detailed below, be denied to account for third-party privacy rights and to protect Defendants' legitimate business interests.

## II.    LEGAL STANDARD

### A.    The Court Should Defer Ruling on This Motion Until Mediation Has Been Completed

Defendants respectfully request that this matter be stayed or otherwise continued until mediation is completed.  Pursuant to this Court's Order, the Parties are to complete mediation by February 9, 2021.

Mr. Laurence Zakson was appointed by the Court as Mediator and Defendants have agreed to a mediation date, Plaintiff's have not.  Defendants also confirmed a December 22, 2020 pre-mediation conference call with Mr. Zakson.

Unfortunately, Plaintiff's counsel does not want to participate in mediation as the proposed completion date would be "too close to the February 22, 2021 certification date."

### B.    If the Court Grants Plaintiff' Motion, It Should Impose Limitations on Plaintiff's Proposed FLSA Notice and Notice Process

#### 1.    *Defendants Must Comply With State Privacy Requirements Regarding Disclosure*

In their motion, Plaintiff requests the Court to commence the notification process which will require Defendants to produce personal contact information including last known address, e-mails, and, possibly, cell phones.  Plaintiff, however, fails to address the significant privacy concerns at issue.  See, California Constitution, Art. 1, §1; *Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App. 4th 640, 655 [where providing

third parties' contact information would necessarily disclose confidential information in which third parties had right of privacy, third parties had substantial interest in the privacy of contact information].

The issue of privacy rights involving exotic dancers has been previously addressed in other FLSA actions.  See generally, *Hughes v. S.A.W. Entertainment, Ltd* (N.D. Ca. 3:16-cv-03371-YGR).  In the *Hughes* matter and its related litigation,[1] the Plaintiffs moved for an order to allow them, and all other opt-in plaintiffs, to proceed using pseudonyms.  Plaintiffs explained that the "highly personal and sensitive nature" of their profession subjected them to (1) social stigma and rejection; (2) personal safety is placed in jeopardy; (3) the loss of prospective future employment; and, (4) a generalized wish to have their privacy and life choices respected, amongst others.

In granting Plaintiff's motion for anonymity, presiding Judge Beeler found that "the plaintiffs express a legitimate concern for their privacy and, more compelling for the anonymity analysis, an understandable fear of social stigmatization."  (*Roe*, Docket No, 31, 4:11-12).  Requiring Defendants to produce performers' names and contact information undermines the performers' privacy rights and would create a conflict with Defendants' duty to preserve the confidential nature of performers' identities pursuant to California law.

       **2.**    *Dissemination and Administration of Any Notice Must Be Entrusted to a Third-Party Administrator to Ensure Protection of Privacy Rights of Third Parties*

When faced with the privacy concerns like those here at issue, Courts have delegated administrative FLSA notices to third-party administrators.  See generally, *Syed v. M-I, L.L.C*, 2014 WL 6685966 *8 (E.D. Cal. Nov. 26, 2014) [defendant objected to plaintiff's request for opt-in plaintiffs' private contact and personal information and upon consideration, the district court ordered that Plaintiff's counsel will not be given potential

---

[1] Roe v. SFBSC Management, LLC (Case No. 3:14-cv-03616-LB)

class members' contact information and that data will be provided to the third party administrator only, who must take a more active role in the process)].

**3.** *If the Court Permits Plaintiff to Administer the Notice Process, Plaintiff's Counsel Should Be Limited to Engaging in Only Court-Authorized Communications with Potential Opt-In Plaintiffs*

If the Court grants Plaintiff's Motion for Conditional Certification and permits Plaintiff's counsel, as opposed to a third-party administrator, the Court should order that, unless contacted by class members, Plaintiff's counsel can only communicate with potential opt-in plaintiffs with the express approval of this Court.

Defendants make this request to stave off issues like those which arose in *O'Connor v. Uber Techs, Inc.*, 2017 WL 3782101, at *1 (N.D. Cal. Aug, 31, 2017). There, the Court sanctioned Plaintiffs' counsel for violating a stipulated protective order and California Rules of Professional Conduct 1-400(C) after counsel sent a "misleading" email to approximately 250,000 class members inviting them to retain counsel's firm in a claim against Uber. *Id.*, at *5-6.

If, over Defendants' objections, Plaintiff's counsel is permitted to disseminate and administer the opt-in notices, Defendants request that the court issue an order pursuant to its authority under *Hoffman-LaRouche, Inc. v. Sperling*, 493 U.S. 165 (1989) limiting Plaintiff's counsel's communications (of any type) with potential opt-in claimants to those expressly authorized by this Court, unless and until the potential claimant opts-in, contacts, or initiates communication with Plaintiff's counsel. See *Woods v. Club Cabaret, Inc.*, 140 F.Supp. 775, 784 (C.D. Ill. 2015) [granting similar request in exotic-dancer misclassification case and ordering that communications originating from class counsel be in a "form and manner approved by" the Court]; Hoffman, supra., at 172 [holding that, "by monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes

about the content of the notice before it is distributed.  This procedure may avoid the need to cancel consents obtained in an improper manner."]

**4.**     *The Court Should Not Authorize Dissemination of FLSA Notice Via Email or Text Message*

Plaintiff's request permission to disseminate notice to potential opt-in claimants via email and test message.  This Court should deny these requests.

Frist, plaintiff does not propose what a "notice" email or text would state.  It is difficult to imagine that a text message could fairly and effectively convey any meaningful information about the lawsuit. See, *Aguirre v. Tastee Kreme #2, Inc.* No. CV H-16-2611, 2017 WL 2999271, at *10 (S.D. Tex. April 13, 2017) [rejecting plaintiff's request for text notice because "text messaging could be misleading.  There is a risk that, unlike an email or letter, a text message would be incomplete, not provide a potential opt-in a full picture of the nature of the lawsuit or their rights and would not convey the seriousness of the communication"].  There is also no practical way to monitor communications sent via text message to ensure compliance with this Court's Order(s).

Moreover, email addresses and cell phone numbers are generally considered to be private information.  The court in *Freeman v. MedStar Health, Inc.*, 187 F. Supp. 3d 19, 33 (D.D.C. 2016) recognized this and opined that it was "wary of using such a method of dissemination and attendant invasion of privacy entailed by providing email messages to Plaintiff's counsel."  Similarly, the *Freeman* court was not "convinced" that disseminating FLSA notices by text is "proper."  Id., at fn. 9; *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2017 WL 2500411, at *5 (S.D. Ohio Aug. 15, 2017) [denying request for text message notice because plaintiff failed to demonstrate that other notice methods would be ineffective].

/ / /

/ / /

/ / /

     **5.**    *Court Should Not Order Defendants to Post Notices on Their Website,*
*Social Media, or Other Electronic Means*

If the Court grants Plaintiff's Motion, it should not order Defendants to post the proposed notices on its website. Such a request is not reasonably tailored to provide notice to potential FLSA plaintiffs. *Tassy v. Lindsay Entertainment Enterprises, Inc.*, 2017 WL 938326 at*5 (W.D. Kentucky 2017) [finding that first-class mail is generally considered to be the "best notice practicable" to ensure that proper notice is received by potential class members]. Defendants' websites are specifically tailored for their customers, offering information about the establishment. The websites do not contain information for the benefit of entertainers. As such, there is no plausible reason to believe that entertainers regularly visit the clubs' websites, rely on them to obtain information related to their relationship with the clubs, or that posting information about this pending lawsuit will reach any additional performers within the class period than otherwise contacting them through the mail.

Furthermore, requiring Defendants to post information about this lawsuit on their public, customer-oriented website will only lead to business interruption, financial difficulties, and general harm to its reputation thereby threatening its existence. Given the alternatives available to Plaintiff for notifying putative class members, the Court should deny Plaintiff's request for posting the FLSA notice on-line, social media, or other electronic means.

     **6.**    *Proposed Revisions to Plaintiff's Notice*

If the Court grants Plaintiff's Motion, Defendants propose the following revisions to Plaintiff's proposed notice:

        **a.**    <u>Paragraph One</u>: The proposed class period should be identified instead of simply stating "the last three years."

        **b.**    <u>Paragraph Two</u>: Strike the words "According to the Candy Cat's records…" Defendants disagree that the records suggest

in any way that current or former performers are eligible to participate in the case.

**c.**   <u>Paragraph Two</u>:  Strike the phrase "anyone who was worked as a dancer" and instead utilize the word "performed" as it is not only neutral but places the legal arguments in the proper context.

**d.**   <u>Paragraph Two</u>:  Strike the phrase "obtain a portion of any judgment or settlement" as it implies a guaranteed recovery.

**e.**   <u>Paragraph Three</u>:  Strike the phrase "they misclassified dancers as independent contractors instead of employees, and as a result, have not paid dancers an hourly wage" and instead utilize "Candy Cat allegedly misclassified performers whom Plaintiff alleges were required to receive an hourly minimum wage."

**f.**   <u>Paragraph Three</u>:  Strike the phrase "requiring dancers to pay improper "house" fees" and replace it with "allegedly requiring performers to compensate Defendants for certain services." Moreover, it is unclear what Plaintiff is referring to in relation to "improper house fees" and if a viable cause of action exists for such an ambiguous statement.

**g.**   <u>Paragraph Three</u>:  Strike the phrase "requiring dancers to share their tips with employees who are not eligible."  As stated above, utilizing the adjective "performer" as opposed to "dancer" properly contextualizes the legal dispute.  Further, tip-pooling is not wholly improper under the FLSA.

**h.**   <u>Paragraph Four</u>:  With the exception of the first sentence wherein Candy Cat denies the merits of the case, the paragraph

should be completely rewritten as it implies that any putative class member is completely protected from any performance related decision.

**i.** <u>Paragraph Five</u>:  The entire paragraph should be stricken as it is an improper commentary.  The paragraph should simply state "The Court has not ruled on the merits of Plaintiff's claims."

**j.** <u>Paragraph Five</u>:  The paragraph should simply state the deadline to return the opt-in form.

**k.** <u>Paragraph Six</u>:  The entire paragraph should be stricken as an improper commentary.

**l.** <u>Paragraph Seven</u>:  The entire paragraph should be stricken as it is duplicative of paragraph five.

**m.** <u>Opt-in Notice Form</u>:  The Notice and Title should be stricken as it is not only redundant but also explicitly suggests that the Court finds merit to or endorses the decision to the opt-in claims.  A single notation in the title that the notice has been approved and/or reviewed by the court should be  sufficient.

**n.** <u>Opt-in Notice Form</u>:   The notice should include a statement that opt-in claimants have the right to retain their own counsel.  See *Leyva v. 35 Bar & Grill, LLC*, 2015 WL 5751638, at *6 [exotic dancer misclassification case in which court ordered Plaintiff to amend opt-in notice to contain such a statement].

**o.** Opt-in Notice Form:  The notice should include a statement that opt-in claimants may be obligated to pay court costs in the event Plaintiff's lose.  See Id.; *Tassy*, supra, 2017 WL 938326 at *5 ("Such an admonition allows potential class members to

make an informed decision about whether to opt-in to the collective action.")

**p.** <u>Opt-in Notice Form</u>:  The notice should include potential opt-in plaintiffs that they will not be foreclosed from pursuing their own FLSA claims if they choose not to participate in this action.  *Syed*, supra, 2014 WL 6685977 at *7. This is necessary at the notice as currently written implies that entertainers will lose their potential claims by failing to participate.

**q.** <u>Consent Form</u>:  Paragraph Two should delete the term "work" to be consistent with the Notice Form description of "performer" or "performed."

**C.** <u>A Limitations Period Extending Back as Requested by Plaintiff Is Improper</u>

Plaintiffs also move for equitable tolling of the statute of limitations for the opt-in Plaintiffs' FLSA claims. The statute of limitations for the FLSA is subject to equitable tolling, see *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), abrogated on other grounds by *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989), but federal courts award this form of equitable relief "only sparingly." *Bower v. Cycle Gear, Inc.*, No. 14-cv-02712-HSG, 2015 U.S. Dist. LEXIS 62380, 2015 WL 2198461, at *2 (N.D. Cal. May 11, 2015) (citation omitted); see also *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990) ("Equitable tolling is extended sparingly and only where claimants exercise diligence in preserving their legal rights.") (citation omitted). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control make it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); see also *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) ("Equitable tolling concerns itself with the equities of dismissal for untimely filing caused by factors

independent of the plaintiff."). At its essence, the inquiry assesses the fairness to both parties. *Woods v. Vector Mktg. Corp.*, No. C-14-0264-EMC, 2015 WL 1198593, at *6 (N.D. Cal. Mar. 16, 2015).

For the purposes of determining the timeliness of an FLSA claim, claims of individual claimants who are not named plaintiffs do not commence—and therefore the statute of limitations continues to run—until the claimant opts-in to the suit by filing a written consent to become a party plaintiff. 29 U.S.C. § 256(b). An FLSA collective action therefore differs from a Rule 23 class action, under which the statute of limitations is tolled for all putative class members when the plaintiff files the complaint. See Fed. R. Civ. P. 23.

Here, Plaintiffs ask the Court to equitably toll the statute of limitations from on or about February 22, 2021 to the date the potential plaintiffs opt in. <u>There is no basis to equitably toll any of these time periods.</u>  *Shaia v. Harvest Mgmt. Sub LLC*, No. C 14-4495 PJH, 2015 WL 1744341, at *3 (N.D. Cal. Apr. 15, 2015) ("Courts have routinely denied requests for equitable tolling in FLSA cases, where the plaintiffs have failed to show that the defendant engaged in any wrongful conduct, and/or failed to show that 'extraordinary circumstances' beyond the plaintiffs' control made it impossible to file the claim on time."). This Court should follow with the majority trend and statutory directive that tolling is inappropriate merely due to the pendency of a certification motion. As one court in this District explained:

> When Congress enacted Section 256 of the FLSA, it was aware that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period. Consistent with Congressional design then, good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims.

*Adedapoidle-Tyehimba v. Crunch LLC*, No. 13-CV-00225-WHO, 2013 U.S. Dist. LEXIS 113519, 2013 WL 4082137, at *7 (N.D. Cal. Aug. 9, 2013).  Here, Plaintiffs do not contend that this delay stemmed from any prerequisite and mandatory bad faith conduct of Defendants. *Guifi Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 U.S. Dist. LEXIS 114821, 2011 WL 4635198, at *16 (N.D. Cal. Oct. 5, 2011) (tolling due to evidence that defendant "intimidated members of the putative class by coercing them to sign opt-out forms at individual meetings").  Nor has the motion been pending a long time, which might otherwise support tolling. See *Shaia*, 2015 U.S. Dist. LEXIS 49808, 2015 WL 1744341, at *4.  Thus, there are no grounds to toll the time between the date Plaintiffs filed for conditional certification and any proposed Order.  The same is true of the delay between the Court's Order granting conditional certification and the close of the opt-in period: in enacting the FLSA, Congress envisioned a lapse between these two time periods and declined to adjust the statute of limitations to account for that delay. **It is not the Court's role to step in and provide a remedy where Congress has declined to do so**.

On the contrary, Plaintiff has been diligent in pursuing its claims against Defendants.  Only four (4) months passed between the filing of the Complaint and the filing of the Motion for Conditional Certification.   Plaintiff can neither explain the delay nor legitimately allocate any fault on Defendants' conduct.

"Equitable tolling concerns itself with the equities of dismissal for untimely filing caused by factors independent of the plaintiff. Accordingly, we must ask whether it would be unfair or unjust to allow the statute of limitations to act as a bar to [a plaintiff's] claim." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006). Thus, "equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Federal courts have applied equitable tolling in two situations: (1) When the plaintiffs are prevented from asserting their claims by some wrongful conduct on the

part of the defendant; or (2) when extraordinary circumstances beyond plaintiffs' control make it impossible to file the claims on time. *Davis v. Social Service Coordinators, Inc.*, 2009 WL 102735, at *14 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Neither basis for equitable tolling is present here. Plaintiffs do not allege that extraordinary circumstances beyond their control prevented them from filing their claims sooner, so the focus must be on the Defendant's conduct. Plaintiff does not assert that Defendants engaged in any nefarious conduct justify tolling.

In fact, Plaintiff's Motion is devoid of any allegations related to Defendants' conduct with the exception of alleged improper classification which in and of itself does not provide an exemption under the FLSA. Absent other evidence, Plaintiffs' argument is simply that any incorrect classification of an hourly employee as exempt from overtime justifies tolling the FLSA statute of limitations. To grant equitable tolling in such circumstances would void the statute of limitations entirely, as any FLSA plaintiff would qualify. *Veliz v. Cintas Corp.*, No. C 03-1180 SBA, 2007 U.S. Dist. LEXIS 24428, at *17 (N.D. Cal. March 20, 2007) (tolling the statute of limitations through the date for opting into the suit "effectively eviscerates the statutory limitations period in nearly all collective actions"). Had Congress wished to provide unlimited time for filing FLSA actions, the statute would not contain a limitations period. See, e.g., *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (discussing the legislative history of 29 U.S.C. §§ 216(b) and 256).

Consequently, Plaintiff's request for equitable tolling must be denied.

**D.**    Plaintiff's Motion for Conditional Certification Should Be Denied

The FLSA allows a "collective action" to be brought on behalf of "similarly situated" employees. 29 U.S.C. § 216(b); *Kress v. PwC*, 263 F.R.D. 623, 627 (E.D. Cal. 2009). The determination of whether prospective class members are similarly situated is not made under the analysis required for Fed. R. Civ. P. 23 class actions. *Kress*, 263 F.R.D. at 627. Rather, the courts generally apply a two-tiered approach. *Kress*, 263 F.R.D. at 627.

Under the two-tiered approach, the first tier is the "notice stage," which asks whether the employees are sufficiently "similarly situated" that notice should be sent to prospective plaintiffs under *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); *Kress*, 263 F.R.D. at 627.  It is Plaintiff's burden to show that the class should be conditionally certified. *Id*.  Plaintiff meets her burden by providing substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan. *Id*. In determining whether Plaintiff has carried her burden, the court need not consider evidence provided by Defendants. *Id*., at 628.  The determination is made based on a fairly lenient standard. *Id*.

To make her showing, Plaintiff must provide some allegations or evidence "indicating that prospective class members share similar job duties." *Id.*, at 630. Accordingly, whether the exotic dancers are "substantially similar" must be evaluated in light of the issues raised by Plaintiff's particular FLSA claim.  In this case, as noted, Plaintiff's claim is that Defendants misclassified the exotic dancers as independent contractors.  Accordingly, the question to be decided on this motion is whether Plaintiff's evidence indicates that the propriety of the classification may be determined on a collective basis. *Id*.  **It is not sufficient to show that Defendants' alleged misclassification affected all proposed class members**. *Id*.  On the other hand, Plaintiff need not conclusively establish that collection resolution is proper, because Defendants will be free to revisit this issue at the close of discovery. *Id*.

As stated, the crux of Plaintiff's putative FLSA representative action is that Defendants allegedly improperly misclassified the putative members as independent contractors.  To determine whether an individual is an "employee" under the FLSA, the court examines various factors including: (1) the extent to which the worker's services are an integral part of the employer's business; (2) the permanency of the relationship; (3) the amount of the worker's investment in facilities and equipment; (4) the nature and degree of control by the principal; (5) the worker's opportunities for profit and loss; and, (6) the level

of skill required in performing the job and the amount of initiative, judgment, or foresight in open market competition with others required for the success of the claimed independent enterprise.

Plaintiff suggests that it is a foregone conclusion that they will be found to have been misclassified thereby justifying conditional certification. But that is not the case with exotic dancers.  As Plaintiff's counsel and Plaintiff can surely attest – and as various District Courts have witnessed - exotic dancers establish their own schedules or otherwise coordinate their visits to the establishment based on their personal customers' whims and schedules.  To immediately conclude that Defendants control the habits of not only the proposed representative but also the putative class and Defendants' customers stretches the imagination.  See, *Buel v. Chowder House, Inc*., No. A108951, 2006 Cal. App. Unpub. LEXIS 4917, 2006 WL 1545860 (Cal. Ct. App. June 7, 2006) (holding substantial evidence supported jury verdict that Deja Vu affiliated club properly classified dancer as independent contractors); *Marlar v. United States*, 151 F.3d 962, 966 (9th Cir. 1998); *Roe v. Jose Torres L.D. Latin Club Bar, Inc.*, 2020 U.S. Dist. LEXIS 156837.

The basics of plaintiff's initial showing are not in dispute for the purpose of this Motion. Defendants classified all of its exotic dancers, the prospective class members, as "independent contractors" and has done so at least since the entity was purchased by Defendants during 2019.

However, in spite of the lenient standard, Plaintiff failed to make a sufficient showing justifying conditional class certification.   Although a lenient standard is applied at the first step, Plaintiff does not meet his burden through unsupported assertions of widespread violations. *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006). "Mere allegations will not suffice; some factual evidence is necessary." *Bernard v. Household Intern., Inc.*, 231 F.Supp.2d 433, 435 (E.D. Va. 2002). Affidavits in support of a motion for conditional certification must be based on the affiant's personal knowledge, which may be inferred from what he would have probably learned during the normal course

of employment. *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006).

Furthermore, Plaintiff's declaration is riddled with improper and unsubstantiated statements in clear violation of the Federal Rules of Evidence.  Aside from the evidentiary issues, Plaintiff's declaration does not make a "substantial" demonstration that all performers were treated as Plaintiff much less establish a prima facie showing of how other dancers may have been treated.  See, Harrison v. McDonald's Corp., 411 F.Sup. wd 862, 870 (S.D. Ohio 2005) [affidavits from 2 out of a potential 300 employees insufficient to permit conditional certification where Plaintiff could only speculate on the actions allegedly undertaken by Defendant].

Finally, Plaintiff fails to establish or otherwise articulate a uniform policy or procedure allegedly undertaken by Defendants to render the dancers similarly situated for certification.  Therefore, the Court should determine that Plaintiff failed to sufficiently demonstrate sufficient evidence for this stage of the certification process that the potential opt-in plaintiffs who were or are exotic dancers for Defendant were subject to Defendant's same policies that allegedly violate the FLSA as Plaintiff claims.

Consequently, even with the lenient standard, Plaintiff fails to establish her burden.

**III.    CONCLUSION**

Plaintiff has not proffered sufficient evidence – even on a lenient standard – to establish conditional certification.  Plaintiff's proposed Notice is also improper and should be revised either jointly or unilaterally by this Court.

Furthermore, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for conditional certification or, at a minimum, stay the motion pending the resolution of this Court's mediation order.

1   Dated:  December 18, 2020                    Respectfully submitted,

2

3                                                / S / Robert A. Orozco
                                                 Philip A. Toomey (SBN 89598)
4                                                Fadi K. Rasheed (SBN 267175)
                                                 Robert A. Orozco (SBN 201532)
5                                                LEECH TISHMAN FUSCALDO &
                                                 LAMPL
6                                                ptoomey@leechtishman.com
                                                 frasheed@leechtishman.com
7                                                *Attorneys for Defendants,*
                                                 *Joamar, Inc. dba Candy Cat Too,*
8                                                *Saul Perez. and Indalecio J. Perez*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, an employee of LEECH TISHMAN FUSCALDO & LAMPL, with an office located at 2041 Rosecrans Avenue, Suite 300, El Segundo, CA 90245, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter, action or proceeding. A true and correct copy of the foregoing document entitled: **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served in the manner stated below:

<u>SEE ATTACHED SERVICE LIST</u>

☐     By Mail: I caused such envelope to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

☐   BY FEDERAL EXPRESS     I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) above.  I caused such envelope to be delivered to the addressee(s) at the address(es) set forth above by overnight delivery.  I am readily familiar with the firm's practice for collection and processing of correspondence for overnight mail/Federal Express, under which such correspondence is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) as listed above.

☒   CM/ECF System.  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will email a Notice of Electronic Filing notification to the email addresses denoted on the Electronic Mail notice list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 21, 2020 in El Segundo, California.

　　　/s/ Gina M. Garcia　　　　　　
　　　　　Gina M. Garcia

**SERVICE LIST**

*Noemi Russo v. Joamer, Inc. dba Candy Cat Too; Saul Perez; and Indalecio J. Perez*
2:20-cv-03939-JAK-MRW

Counsel for Plaintiff, Noemi Russo

John P. Kristensen
    john@kristensenlaw.com
Jesenia A. Martinez
    jesenia@kristensenlaw.com
Jacob J. Ventura
    jacob@kristensenlaw.com
KRISTENSEN LLP
12540 Beatrice Street, Suite 200
Los Angeles, California 90066